UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 22-CV-61134-STRAUSS

TERESITA POLLINGER,

  Plaintiff,

v.

KILOLO KIJAKAZI,
Acting Commissioner of Social Security,

  Defendant.

_____/

## ORDER ON MOTIONS FOR SUMMARY JUDGMENT

  THIS MATTER came before the Court upon Plaintiff's Motion for Summary Judgment/Initial Brief ("Plaintiff's Motion") [DE 16] and Defendant's Cross Motion for Summary Judgment ("Defendant's Motion") [DE 17].  I have reviewed both motions, Plaintiff's Reply Brief [DE 19], the administrative record [DE 8], and all other filings in this case.  For the reasons discussed herein, Plaintiff's Motion [DE 16] will be **DENIED** and Defendant's Motion [DE 17] will be **GRANTED**.

## I.  BACKGROUND & PROCEDURAL HISTORY

  Plaintiff applied for disability insurance benefits on June 26, 2020, alleging a disability onset date of June 2, 2020 ("Alleged Onset Date").  Tr. 15, 54, 68, 192-98.  Plaintiff, who was born in 1957, was 63 years old on the Alleged Onset Date.  Her claim for benefits was denied initially and upon reconsideration.  Tr. 15, 54, 68.  Thereafter, Plaintiff appeared with counsel at a telephonic hearing before an Administrative Law Judge ("ALJ") on March 2, 2022; a vocational expert ("VE") also appeared and testified at the hearing.  Tr. 30-53.  On March 22, 2022, the ALJ issued her decision, finding that Plaintiff was not disabled under the Social Security Act (from the

Alleged Onset Date through the date of the ALJ's decision).  Tr. 15-24.  On June 3, 2022, the Appeals Council denied Plaintiff's request for review, thereby leaving the ALJ's decision as the final decision of the Commissioner.  Tr. 1-3.  Consequently, on June 15, 2022, Plaintiff filed this action seeking judicial review of the Commissioner's decision.

## II.     STANDARD OF REVIEW

In reviewing claims brought under the Social Security Act, a court's role is limited. *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983).  The Commissioner's findings of fact must be affirmed if they are based upon "substantial evidence."  *See* 42 U.S.C. § 405(g); *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Moore v. Barnhart*, 405 F.3d 1208, 1211 (11th Cir. 2005).  "Substantial evidence is . . . such relevant evidence as a reasonable person would accept as adequate to support a conclusion." *Moore*, 405 F.3d at 1211 (citing *Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1158 (11th Cir. 2004)).  It "is something 'more than a mere scintilla, but less than a preponderance.'" *Dyer v. Barnhart*, 395 F.3d 1206, 1210 (11th Cir. 2005) (citation omitted).  "If the Commissioner's decision is supported by substantial evidence, this Court must affirm, even if the proof preponderates against it." *Id.* (quoting *Phillips v. Barnhart*, 357 F.3d 1232, 1240 n.8 (11th Cir. 2004)).  Courts "may not decide the facts anew, reweigh the evidence, or substitute [their] judgment for that of the [Commissioner]." *Id.* (quoting *Phillips*, 357 F.3d at 1240 n.8); *Bloodsworth*, 703 F.2d at 1239.  In addition to determining whether the Commissioner's factual findings are supported by substantial evidence, courts must determine whether the ALJ applied the correct legal standards. *Wilson v. Barnhart*, 284 F.3d 1219, 1221 (11th Cir. 2002).

### III.   DISCUSSION

#### A.  THE SEQUENTIAL EVALUATION

A "disability" is defined as an inability "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 1382c(a)(3)(A). In making a disability determination, "the ALJ must consider the evidence in its entirety, including: (1) objective medical facts or clinical findings; (2) diagnoses of examining physicians; (3) subjective evidence of pain and disability as testified to by the claimant . . . and (4) the claimant's age, education, and work history." *Maffia v. Comm'r of Soc. Sec.*, 291 F. App'x 261, 262-63 (11th Cir. 2008) (quoting *DePaepe v. Richardson,* 464 F.2d 92, 94 (5th Cir.1972)); *see also Walden v. Schweiker*, 672 F.2d 835, 839 (11th Cir. 1982).

To arrive at a determination as to disability, the ALJ must undertake the sequential evaluation embodied in 20 C.F.R. § 404.1520. This process requires that the ALJ first determine whether the claimant is presently engaged in substantial gainful activity. 20 C.F.R. § 404.1520(b). If so, a finding of "no disability" is made.

If the claimant is not engaged in such work, then the ALJ must proceed to the second step and determine whether the claimant suffers from a "severe impairment." An impairment is severe if it significantly limits the claimant's physical or mental ability to perform basic work activities. 20 C.F.R. § 404.1520(c). If no severe impairment is found, then the ALJ will conclude that there is no disability; if a severe impairment is found, then the ALJ will proceed to the next step of the analysis. *See id.*

The third step requires the ALJ to determine whether the claimant's impairment meets or equals those listed in Appendix 1 of the Regulations. 20 C.F.R. § 404.1520(d). If so, the ALJ will

find the claimant disabled without considering age, education, and work experience.  *Id.*  If not, the inquiry will proceed to the next stage.

Step four requires the ALJ to determine whether the claimant has the residual functional capacity ("RFC") to perform past relevant work.  20 C.F.R. § 404.1520(e).  The Regulations define RFC as "the most you can still do despite your limitations."  20 C.F.R. § 404.1545(a)(1).  This determination takes into account "all of the relevant medical and other evidence," including the claimant's own testimony and the observations of others.  20 C.F.R. § 404.1545(a)(3).  The ALJ must then compare the RFC with the physical and mental demands of the claimant's past relevant work to determine whether the claimant is still capable of performing that kind of work.  If so, the claimant is found not disabled.  20 C.F.R. § 404.1520(f).

If the claimant establishes an inability to return to past relevant work, the inquiry turns to step five.  "At step five the burden of going forward shifts to the [Commissioner] 'to show the existence of other jobs in the national economy which, given the claimant's impairments, the claimant can perform.'"  *Washington v. Comm'r of Soc. Sec.*, 906 F.3d 1353, 1359 (11th Cir. 2018) (quoting *Hale v. Bowen*, 831 F.2d 1007, 1011 (11th Cir. 1987)).  If the Commissioner points to possible alternative employment, then the burden returns to the claimant to prove an inability to perform those jobs.  *Id.*  At this fifth and final step, the ALJ must resolve whether the claimant is actually capable of performing other work.  *See* 20 C.F.R. §§ 404.1520(g), 404.1560(c).

**B.  ALJ'S APPLICATION OF THE SEQUENTIAL EVALUATION**

After considering the evidence, the ALJ found that Plaintiff was not disabled between the Alleged Onset Date and the date of the ALJ's decision.  *See* Tr. 15-24.  Initially, the ALJ addressed certain preliminary issues and outlined in detail the five steps of the sequential evaluation.  Tr. 15-17.  Then, addressing the first step in the sequential evaluation, the ALJ found that Plaintiff had

not engaged in substantial gainful activity since the Alleged Onset Date.  Tr. 17.  Next, at step two,

the ALJ found that Plaintiff had the severe impairments of ischemic heart disease, cardiomyopathy,

and arrhythmia.  Tr. 17.  At step three, the ALJ found that Plaintiff did not have an impairment or

combination of impairments that met or medically equaled the severity of any of the impairments

listed in 20 C.F.R. Part 404, Subpart P, Appendix 1.  Tr. 20.

The ALJ next assessed Plaintiff's RFC, determining based on her consideration of the

entire record that Plaintiff has the RFC

> to perform light work as defined in 20 CFR 404.1567(b) except she can stand and/or
> walk for 6 hours in an 8-hour workday and sit for 6 hours in an 8-hour workday.
> The claimant can occasionally climb ladders, ropes, or scaffolds. She could
> occasionally stoop, kneel[,] and crawl and be occasionally exposed to fumes and
> gases. The claimant should avoid exposure to hazards.

Tr. 20.  As part of this assessment, the ALJ noted that, in accordance with 20 C.F.R. § 404.1529

and SSR 16-3p, she considered all of Plaintiff's symptoms and the extent to which her symptoms

could reasonably be accepted as consistent with the objective medical evidence and other evidence.

Tr. 20.  Additionally, the ALJ stated that she considered the medical opinion evidence and prior

administrative medical findings in accordance with 20 C.F.R. § 404.1520c.  Tr. 20.

After assessing Plaintiff's RFC, the ALJ found that Plaintiff is capable of performing her

past relevant work as a high school teacher, as well as her past relevant work as a conversation

English teacher.  Tr. 23.  Both jobs involve skilled work (SVP 7) at the light exertional level.  Tr.

23.  Because the ALJ found that Plaintiff is capable of performing her past relevant work, the ALJ

concluded that Plaintiff was not disabled.  Tr. 23-24.

### C. ANALYSIS

As noted above, the Regulations define RFC as "the most you can still do despite your

limitations."  20 C.F.R. § 404.1545(a)(1).  An ALJ must determine a claimant's RFC based on all

of the relevant evidence in the record.  *Id.*  Such evidence includes information about the claimant's symptoms, as well as medical opinion evidence and prior administrative medical findings.  *See* SSR 96-8p; *see also* 20 C.F.R. § 404.1520c; 20 C.F.R. § 404.1529.

Here, the Argument section of Plaintiff's Motion is organized into two separate parts, with four subsections in the first part (Part A) – but no subsections in the second part (Part B).  In Part A.1, Plaintiff discusses the law applicable to assessing a claimant's RFC, including, in particular, the regulation governing the assessment of a claimant's subjective symptoms (20 C.F.R. § 404.1529) and the regulation governing the evaluation of medical opinions and prior administrative medical findings (20 C.F.R. § 404.1520c).  In Part A.2, Plaintiff summarizes her testimony regarding her subjective symptoms from the March 2, 2022 hearing before the ALJ and contends that her testimony was consistent with a function report she completed in November 2020.  In Part A.3 – although the heading states that "[t]he record is consistent with and supports Plaintiff's testimony; more to the point, the ALJ's finding to the contrary is not reasonably or logically related to the record" – Plaintiff summarizes a January 17, 2020 medical source statement (Tr. 792-95) from her cardiologist, Dr. Michael Entenberg.  She then briefly argues at the end of Part A.3 why she contends the ALJ erred in evaluating Dr. Entenberg's opinion.  In Part A.4, Plaintiff further discusses Dr. Entenberg's opinion and asserts that the ALJ erred in finding it to be less persuasive than the prior administrative medical findings (Tr. 55-66, 69-74) of the state agency medical consultants.  Finally, in Part B, Plaintiff contends that the ALJ erred in assessing Plaintiff's subjective symptoms by failing to consider Plaintiff's "stellar work history." Ultimately, although the Summary of the Argument section of Plaintiff's Motion sets forth three separate alleged errors, Plaintiff effectively alleges two errors – errors pertaining to the evaluation of her subjective symptoms and the evaluation of Dr. Entenberg's opinion.  While Plaintiff

contends that the ALJ's RFC assessment is deficient for these two reasons, she does not specify any separate errors pertaining to the ALJ's formulation of her RFC.[1]

As discussed in Section 1 below, the ALJ's evaluation of Dr. Entenberg's opinion is supported by substantial evidence, and Plaintiff has failed to show that the ALJ erred in finding Dr. Entenberg's opinion to be less persuasive than the prior administrative medical findings of the state agency medical consultants. As discussed in Section 2 below, the ALJ's subjective symptom assessment is supported by substantial evidence, and the ALJ did not err in failing to expressly discuss Plaintiff's "stellar work history."

**1. Dr. Entenberg's Opinion & Prior Administrative Medical Findings**

Plaintiff has failed to establish error with respect to the ALJ's evaluation of Dr. Entenberg's opinion and the prior administrative medical findings. Because Plaintiff's claim was filed after March 27, 2017, the ALJ was required to consider the medical opinion evidence and prior administrative medical findings in Plaintiff's case in accordance with 20 C.F.R. § 404.1520c. Under this regulation, an ALJ "will not defer or give any specific evidentiary weight, including controlling weight, to any medical opinion(s) or prior administrative medical finding(s)." 20 C.F.R. § 404.1520c(a); *see also Planas on behalf of A.P. v. Comm'r of Soc. Sec.*, 842 F. App'x 495, 498 (11th Cir. 2021) (noting that the requirement to assign weight to medical opinions has been omitted from the revised regulation). Rather, the ALJ must evaluate the persuasiveness of medical opinions and prior administrative medical findings based upon five factors: "(1) supportability; (2) consistency; (3) relationship with the claimant; (4) specialization; and (5) 'other

---

[1] Plaintiff does contend in passing that the ALJ failed to build an accurate and logical bridge between the evidence and the ALJ's RFC finding, but it appears that this contention is based on the two errors Plaintiff alleges – regarding the evaluation of her subjective symptoms and Dr. Entenberg's opinion.

factors that tend to support or contradict' the opinion" or finding.  *Walker v. Soc. Sec. Admin., Comm'r*, No. 21-12732, 2022 WL 1022730, at *2 (11th Cir. Apr. 5, 2022) (citing 20 C.F.R. § 404.1520c(c)(1)-(5)).  Supportability and consistency are the most important factors.  20 C.F.R. § 404.1520c(a).  Although an ALJ is no longer required to provide a specific weight to medical opinions – a requirement under the prior regulation, *see* 20 C.F.R. § 404.1527 – the ALJ still needs to articulate how persuasive the ALJ finds medical opinions and prior administrative medical findings to be.  20 C.F.R. § 404.1520c(b).

Nonetheless, § 404.1520c makes clear that in doing so, an ALJ is "not required to articulate how [the ALJ] considered each medical opinion or prior administrative medical finding from one medical source individually."  20 C.F.R. § 404.1520c(b)(1).  In other words, if a single source offers multiple medical opinions or multiple administrative medical findings, an ALJ only needs to collectively address the source's opinions or findings in a single analysis rather than including a separate analysis for each opinion or finding.  20 C.F.R. § 404.1520c(b)(1).  In doing so, the ALJ must explain how he or she considered the factors of supportability and consistency, but the ALJ is generally not required to explain how he or she considered the other three factors.  20 C.F.R. § 404.1520c(b)(2)-(3).  Under the supportability factor, "[t]he more relevant the objective medical evidence and supporting explanations presented by a medical source are to support his or her medical opinion(s) or prior administrative medical finding(s), the more persuasive the medical opinions or prior administrative medical finding(s) will be."  20 C.F.R. § 404.1520c(c)(1).  Under the consistency factor, "[t]he more consistent a medical opinion(s) or prior administrative medical finding(s) is with the evidence from other medical sources and nonmedical sources in the claim, the more persuasive the medical opinion(s) or prior administrative medical finding(s) will be."  20 C.F.R. § 404.1520c(c)(2).

Here, the medical opinion/prior administrative medical finding evidence consisted of Dr. Entenberg's opinion (Tr. 792-95) and the prior administrative medical findings (Tr. 55-66, 69-74) of the state agency medical consultants at the initial and reconsideration levels. In her decision, the ALJ provided the following synopsis of Dr. Entenberg's opinion:

> In January 2020, approximately six months prior to the alleged onset date, Michael Entenburg, M.D. completed a cardiac medical source statement about the claimant. He opined the claimant had NYHA class II dyspnea on exertion (DOE) which equates to slight limitation in physical activity. The claimant had a decreased ejection fraction, an abnormal echocardiogram, and stress tests. Some of the claimant's alleged symptoms were weakness, arrythmia, exercise intolerance, dizziness, and chronic fatigue. The claimant would have some increase in stress due to symptoms, but the claimant was capable of low stress work. Dr. Entenburg opined the claimant could walk one block, stand and/or walk for less than two hours, sit about two hours, shift positions at will, would need unscheduled breaks due to increased premature atrial contraction. The claimant could lift less than 10 pounds rarely, rarely twist, stoop, crouch, climb stairs or ladders, should avoid exposure to temperature extremes, wetness, or humidity. The claimant should avoid concentrated exposure to smoke, perfumes, gases, odors, dust, and chemicals. Finally, the claimant would miss about three days a month from work.

Tr. 21. Having reviewed the medical source statement (opinion) that Dr. Entenberg completed, I find that the ALJ provided a comprehensive and accurate summary of Dr. Entenberg's opinion.

The prior administrative medical findings, which were completed on February 24, 2021 at the initial level (Tr. 55-66) and August 20, 2021 at the reconsideration level (Tr. 69-74) paint a different picture. Specifically, both consultants found that Plaintiff was capable of standing and/or walking for 6 hours in an 8-hour workday and sitting for 6 hours in an 8-hour workday. Tr. 63, 72. As both parties (as well as the ALJ) recognize, both consultants effectively found that Plaintiff is capable of performing work at the light exertional level. *See* 20 C.F.R. § 404.1567(b) (defining "light work"); *see also* SSR 83-10. On the other hand, by finding that Plaintiff can only stand/walk for less than 2 hours, Dr. Entenberg effectively opined that Plaintiff is unable to perform work at the light exertional level. *See* SSR 83-10 ("[T]he full range of light work requires standing or

walking, off and on, for a total of approximately 6 hours of an 8-hour workday.").  In addition to finding that Plaintiff could fulfill the standing/walking requirements of light work, the state agency consultants found that Plaintiff had no postural or environmental limitations (as well as the absence of certain other limitations).  Tr. 63-64, 72.

Following her discussion of the evidence of record, the ALJ evaluated the persuasiveness of Dr. Entenberg's opinion and the prior administrative medical findings as follows:

> The State agency consultants Gary Smith, M.D. and Prianka Gerrish, M.D. reviewed the claimant's file in February 2021 and August 2021, respectively (Exhibits 2A and 4A). Dr. Smith and Dr. Gerrish found the claimant had a light residual functional capacity (RFC). While the undersigned agreed with the light RFC, the medical evidence of record taken as a whole supported greater limitations than given by the State agency consultants. The State agency consultants are non-examining and non-treating sources that did not review medical records available at the hearing level or evaluate the claimant's testimony. Therefore, the undersigned finds their opinions partially persuasive as other imitations were supported. While there was not an opinion attached, the consultative echocardiography with special doppler revealed objective findings utilized in the development of the RFC (Exhibit 7F). Dr. Entenburg's medical source statement was inconsistent with his own objective findings. A majority of the claimant's physical examinations were unremarkable, or she complained of intermittent palpitations. The opinion was an overstatement of the claimant's limitations (Exhibit 15F). The claimant was able to walk with a normal gait and her cardiomyopathy was mild and stable. Therefore, Dr. Entenburg's opinion was not persuasive.

Tr. 23.  Thus, the ALJ clearly evaluated the persuasiveness of the prior administrative medical findings and Dr. Entenberg's opinion, and her discussion shows that she considered supportability and consistency.[2]  She concluded that the prior administrative medical findings were partially

---

[2] Plaintiff does not appear to dispute that the ALJ addressed persuasiveness, supportability, and consistency.  Rather, Plaintiff seems to indicate that the ALJ was also required to discuss other relevant factors (i.e., relationship with claimant, specialization, etc.).  However, an ALJ is not required to articulate how the ALJ considered the other relevant factors (meaning the factors other than consistency and supportability) unless the ALJ finds "that two or more medical opinions or prior administrative medical findings about the same issue are both equally well-supported . . . and consistent with the record . . . but are not exactly the same."  20 C.F.R. § 404.1520c(b)(2)-(3). Here, the ALJ's decision makes clear that she did not find Dr. Entenberg's opinion and the prior administrative medical findings to be equally well-supported and consistent with the record.

persuasive and that Dr. Entenberg's opinion was not persuasive.  Specifically, as to the consultants, while the ALJ determined their findings were persuasive regarding Plaintiff's ability to perform work at the light exertional level, the ALJ disagreed with the consultants' decision to assess no postural or environmental limitations.[3]

With respect to Dr. Entenberg, the ALJ found his opinion to be unpersuasive because, according to the ALJ, it was inconsistent with Dr. Entenberg's own objective findings and overstated Plaintiff's limitations.  In support of this determination, the ALJ explained that a majority of Plaintiff's "physical examinations were unremarkable, or she complained of intermittent palpitations" and that Plaintiff "was able to walk with a normal gait and her cardiomyopathy was mild and stable."  Tr. 23.

Plaintiff contends that the ALJ incorrectly found Dr. Entenberg's opinion to be inconsistent with his own treatment notes, but Plaintiff fails to explain why that is so.  *See* [DE 16] at 8.  In other words, Plaintiff does not show that the ALJ's explanation for finding such an inconsistency is unsupported by the record.  And the ALJ's findings in support of concluding an inconsistency existed is reasonable and supported by substantial evidence.  For instance, during her discussion of the evidence of record – prior to addressing the persuasiveness of the opinion evidence – the ALJ noted, *inter alia*, that:

- "Treatment records from June 2020 indicated the claimant did not report any complaints and her physical evaluation was unremarkable (Exhibit 1F pp.2-5). June 2020 . . . records noted the claimant followed up for occasional palpitations. Records indicated the claimant was doing well and her only complaint was palpitations which were considered chronic and seemed to disappear. The claimant's mental and physical examinations were normal."  Tr. 21-22.

---

Therefore, the ALJ was not required to articulate how she considered the other factors relevant to evaluating persuasiveness.

[3] As noted above, the ALJ – unlike the consultants – limited Plaintiff to occasionally climbing ladders, ropes, or scaffolds, occasionally stooping, kneeling, and crawling, and occasionally being exposed to fumes and gases.  She also found that Plaintiff should avoid exposure to hazards.

- "In March 2021 the claimant . . . reported doing very well and had just retired. . . . The claimant's physical examination was unremarkable (Exhibit 12F pp.23-25)." Tr. 22.

- "During a colon consult in April 2021, the claimant's physical examination was unremarkable (Exhibit 11F p.4)." Tr. 22.

- "An April 2021 primary care record noted the claimant reported she was doing well (Exhibit 12F p.19)." Tr. 22.

- "In July 2021, the claimant presented to for a follow up. The claimant had an appropriate mood and affect and an unremarkable physical examination." Tr. 22.

- "September 2021 cardiac records indicated the claimant denied chest pain or shortness of breath but did endorse occasional palpitations. The palpitations were noted to likely be related to her PVCs and PACs and she reported they only last briefly. Michael Entenberg, M.D., the claimant's cardiologist noted that he and the claimant were pleased with the claimant's clinical course and her PVCs/PACs were not of significance." Tr. 22.

- "[I]n October 2021 [Plaintiff] report[ed] that she was doing 'very well' . . . . A physical and mental examination were normal (Exhibit 14F pp.1-5)." Tr. 22.

- "November 2021 Holter monitor results showed occasional PACs with occasional sinus bradycardia but the claimant was predominantly normal sinus rhythm (Exhibit 13F p.37)." Tr. 22.

- "January 2022 . . . records noted the claimant returned with complaint of periodic palpitations. She would feel somewhat lightheaded when she gets them but did not have syncope or near syncope. The claimant also endorsed some minimal shortness of breath when she exerted herself. The claimant's examination was unremarkable. Dr. Entenburg reported the claimant had mild cardiomyopathy dizziness palpitations. However, the claimant was for the most part stable." Tr. 22.

Thus, the ALJ pointed to several physical examinations that she found to be unremarkable (i.e., more than a scintilla of evidence to support her finding that a majority of Plaintiff's "physical examinations were unremarkable"), and Plaintiff has not shown (or argued) that this finding is not supported by substantial evidence. As the above-referenced excerpts show, the ALJ has also pointed to other aspects of Dr. Entenberg's treatment notes that the ALJ reasonably concluded

12

were inconsistent with Dr. Entenberg's opinion.[4]  Additionally, the ALJ's "normal gait" finding is also supported by substantial evidence.  *See* Tr. 614, 740.  Accordingly, the ALJ's evaluation of Dr. Entenberg's opinion – and the prior administrative medical findings – is supported by substantial evidence.[5]

### 2.  ALJ's Subjective Symptom Analysis

Plaintiff has failed to show that the ALJ erred in evaluating her subjective complaints. When a claimant attempts to prove that she is disabled by providing testimony regarding her pain or other subjective symptoms, she must show: (1) evidence of an underlying medical condition; and (2) either "objective medical evidence that confirms the severity of the alleged pain [or subjective symptoms] arising from that condition or . . . that the objectively determined medical condition is of such a severity that it can be reasonably expected to give rise to the alleged pain" or subjective symptoms.  *Dyer*, 395 F.3d at 1210; *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir.

---

[4] Plaintiff argues that "Dr. Entenberg's opinion is supported by the signs and symptoms, and objective testing, he described in his opinion," [DE 16] at 8, but Plaintiff fails to explain how this is so.  More importantly, Plaintiff fails to show that the ALJ's evaluation of Dr. Entenberg's opinion is not supported by substantial evidence.  *Cf. Sims v. Comm'r of Soc. Sec.*, 706 F. App'x 595, 604 (11th Cir. 2017) ("Under a substantial evidence standard of review, Sims must do more than point to evidence in the record that supports her position; she must show the absence of substantial evidence supporting the ALJ's conclusion.").  Plaintiff argues that the record contains evidence of shortness of breath and fatigue.  But the ALJ considered such evidence, *see* Tr. 21-22, and this evidence does not change the fact that the ALJ reasonably found Dr. Entenberg's opinion to be inconsistent with his own findings for the reasons discussed in this Order.  Moreover, although there is undoubtedly evidence in the record of shortness of breath issues, there is also evidence of occasions (including in 2020 and later) where Plaintiff denied shortness of breath, only complained of minimal shortness of breath, had normal breath sounds, and/or was negative for shortness of breath.  *See, e.g.*, Tr. 60, 64, 317, 321, 405, 410, 706, 711, 718, 721, 723.

[5] Although Plaintiff also contends that Dr. Entenberg's opinion is more persuasive than – or at least as persuasive as – the prior administrative medical findings, Plaintiff does not explain how, if at all, the ALJ erred in evaluating the persuasiveness, consistency, and supportability of the prior administrative medical findings.  Rather, the crux of Plaintiff's argument is that the ALJ erred in finding Dr. Entenberg's opinion to be unpersuasive.  As discussed above, that argument fails.

1995); *Holt v. Sullivan*, 921 F.2d 1221, 1223 (11th Cir. 1991).  This standard applies to both complaints regarding subjective pain and complaints regarding other subjective conditions.  *Holt*, 921 F.2d at 1223.  In order to discredit a claimant's subjective complaints, an ALJ must "clearly 'articulate explicit and adequate reasons' for discrediting the claimant's allegations of completely disabling symptoms."  *Dyer*, 395 F.3d at 1210 (citing *Foote*, 67 F.3d at 1561-62).  Provided that an ALJ does so and that the ALJ's findings are supported by substantial evidence, courts will not disturb the ALJ's determination.  *See Mitchell v. Comm'r, Soc. Sec. Admin.*, 771 F.3d 780, 782 (11th Cir. 2014) ("[C]redibility determinations are the province of the ALJ, and we will not disturb a clearly articulated credibility finding supported by substantial evidence." (internal citations omitted)); *see also Belser v. Soc. Sec. Admin., Comm'r*, No. 20-12121, 2021 WL 6116639, at *6 (11th Cir. Dec. 27, 2021) ("The ALJ's articulated reasons must also be supported by substantial evidence." (citation omitted)).

In addition to considering "all of the evidence," an ALJ

should consider the following factors when evaluating "the intensity, persistence, and limiting effects of" a claimant's symptoms: (1) daily activities; (2) "location, duration, frequency, and intensity of" symptoms and pain; (3) precipitating and aggravating factors; (4) "type, dosage, effectiveness, and side effects of" medications; (5) treatment other than medication; (6) any other measures used to relieve symptoms; and (7) any other factors concerning his functional limitations.

*Walker*, 2022 WL 1022730, at *1 (citing 20 C.F.R. § 404.1529(c)(1)-(4)).  Nonetheless, "an ALJ is not required to discuss every piece of evidence, so long as the ALJ's decision is not a broad rejection and there is enough for us to conclude that the ALJ considered the medical condition as a whole." *Stowe v. Soc. Sec. Admin., Comm'r*, No. 20-14025, 2021 WL 2912477, at *4 (11th Cir. July 12, 2021) (citing *Dyer*, 395 F.3d at 1211).

Here, the ALJ preliminarily made clear that she conducted her subjective symptom analysis in accordance with 20 C.F.R. § 404.1529 and SSR 16-3.  Tr. 20.  She then set forth the pain

standard and summarized Plaintiff's hearing testimony, ultimately determining – based on the evidence – that while Plaintiff's "medically determinable impairments could reasonably be expected to cause the alleged symptoms . . . [her] statements concerning the intensity, persistence and limiting effects of these symptoms [were] not entirely consistent with the medical evidence and other evidence in the record." Tr. 20-21.[6] The ALJ then proceeded to discuss the evidence of record and explain why she found Plaintiff's statements to be not entirely consistent with the evidence. *See* Tr. 21-23.[7]

Plaintiff contends that the ALJ erred in evaluating Plaintiff's subjective symptoms for the same reasons Plaintiff contends the ALJ erred in evaluating Dr. Entenberg's opinion. In doing so, Plaintiff asserts that the issues are inextricably intertwined. However, as discussed above, the ALJ's evaluation of Dr. Entenberg's opinion is supported by substantial evidence. Again, the ALJ explained, *inter alia*, that a majority of Plaintiff's "physical examinations were unremarkable, or she complained of intermittent palpitations" and that Plaintiff "was able to walk with a normal gait and her cardiomyopathy was mild and stable." Tr. 23. The ALJ also found that the prior administrative medical findings were persuasive insofar as they provided evidence that Plaintiff

---

[6] *Cf. Wines v. Acting Comm'r of Soc. Sec.*, No. 21-13606, 2022 WL 2526586, at *3 (11th Cir. July 7, 2022) ("Here, we find that the ALJ articulated explicit, adequate reasons for discrediting Wines's subjective testimony, as he provided an overview of her representations of her symptoms in her testimony before determining her representations of the intensity, persistence, and limiting effects of her symptoms were 'not entirely consistent' with the record.").

[7] *Cf. Martin v. Acting Comm'r of Soc. Sec.*, No. 21-11532, 2022 WL 1486387, at *8 (11th Cir. May 11, 2022) ("Here, the ALJ made a clearly articulated credibility finding and pointed to specific reasons for discounting Alvarez Martin's subjective testimony concerning the intensity and severity of her impairments—namely, that it was inconsistent with the available evidence in the record. As indicated from the summary of the testimony detailed in this opinion, that finding was supported by substantial evidence in the record. Accordingly, we will not disturb it.").

could perform work at the light exertional level (contrary to Plaintiff's testimony regarding her standing/walking limitations).[8]

At any rate, Plaintiff raises one additional argument – aside from the argument regarding the ALJ's evaluation of Dr. Entenberg's opinion – as to why she contends the ALJ erred in evaluating her subjective symptoms.  Specifically, Plaintiff contends that "one relevant additional fact [] should have informed the ALJ's credibility finding, but did not: [Plaintiff's] exemplary work history, demonstrating an almost uninterrupted 38½ year work history."  [DE 16] at 9.  Although Plaintiff does point to one case that supports her argument,[9] numerous other decisions have persuasively rejected the argument that an ALJ is required to explicitly discuss a claimant's stellar or exemplary work history.[10]  Thus, given that the ALJ's decision to discount Plaintiff's

_____

[8] As indicated above, although the ALJ found that the prior administrative medical findings were only partially persuasive, she only discounted their persuasiveness insofar as they did not include any postural or environmental limitations.  However, the ALJ relied on the prior administrative medical findings (among other evidence) in finding that Plaintiff was capable of performing light work (with the postural and environmental limitations added by the ALJ).

[9] *See Lafond v. Comm'r of Soc. Sec.*, No. 6:14-cv-1001-Orl-DAB, 2015 U.S. Dist. LEXIS 86611, at *26 (M.D. Fla. July 2, 2015) ("The ALJ's failure to consider or discuss Plaintiff's consistent earnings history and her thirty-year consistent work record in assessing her credibility was error, and as such, the ALJ's decision was not based on substantial evidence.").  *Lafond* also cites to a few other cases supporting Plaintiff's position.

[10] *See, e.g.*, *Cates v. Comm'r of Soc. Sec.*, 752 F. App'x 917, 921 (11th Cir. 2018); *Penrod ex rel. Penrod v. Berryhill*, 900 F.3d 474, 478 (7th Cir. 2018); *Dutkiewicz v. Comm'r of Soc. Sec.*, 663 F. App'x 430, 433 (6th Cir. 2016); *Pecora v. Comm'r of Soc. Sec.*, No. 2:21-CV-50-NPM, 2022 WL 4463536, at *6 (M.D. Fla. Sept. 26, 2022); *Chestang v. Comm'r of Soc. Sec.*, No. 8:21-CV-482-MRM, 2022 WL 4354849, at *14 (M.D. Fla. Sept. 20, 2022); *Shelton v. Kijakazi*, No. CV 121-154, 2022 WL 3334454, at *8 (S.D. Ga. July 22, 2022), *report and recommendation adopted*, 2022 WL 3330148 (S.D. Ga. Aug. 11, 2022); *Sickmiller v. Saul*, No. 8:19-CV-3087-SPF, 2021 WL 1186846, at *7-8 & n.5 (M.D. Fla. Mar. 30, 2021); *Mazzaferro v. Saul*, No. 19-CV-63140, 2020 WL 4476409, at *8-9 (S.D. Fla. Aug. 4, 2020); *Neff v. Saul*, No. 8:18-CV-3040, 2020 WL 1181952, at *5 (M.D. Fla. Mar. 12, 2020); *O'Toole v. Saul*, No. 2:18-CV-121, 2020 WL 1042292, at *6 (S.D. Ga. Feb. 5, 2020), *report and recommendation adopted*, 2020 WL 1046698 (S.D. Ga. Mar. 3, 2020); *Brothers v. Berryhill*, No. 4:18-CV-01557-JEO, 2019 WL 3555064, at *4 (N.D. Ala. Aug. 5, 2019); *Garner v. Berryhill*, No. 5:16-CV-0222, 2017 WL 4340451, at *7 (N.D. Ala.

subjective symptoms is otherwise supported by substantial evidence, and given that the ALJ's decision shows she considered Plaintiff's medical condition as a whole without broadly rejecting Plaintiff's subjective complaints, the ALJ did not err in failing to explicitly discuss Plaintiff's work history in conjunction with the ALJ's assessment of Plaintiff's subjective symptoms.

## **CONCLUSION**

For the reasons discussed above, it is **ORDERED and ADJUDGED** that Plaintiff's Motion [DE 16] is **DENIED** and Defendant's Motion [DE 17] is **GRANTED**. The Court will enter a separate Final Judgment **affirming** the final decision of the Commissioner.

**DONE AND ORDERED** in Fort Lauderdale, Florida this 3rd day of March 2023.

Jared M. Strauss
United States Magistrate Judge

---

Sept. 29, 2017); *Bianchi v. Berryhill*, No. 16-60574-CIV, 2017 WL 6947800, at *10 n.12 (S.D. Fla. July 12, 2017).